21890.  JOHNSON v. PULLEN et al.

DECIDED APRIL 29, 1932.

S. P. New, for plaintiff.

G. C. Bidgood, Lawton E. Bracewell, for defendant.

LUKE, J.  Exception is taken to the judgment of the superior court of Laurens county overruling a motion for a new trial in the matter of the application of Mrs. Eliza Johnson for a year's support from the estate of her deceased husband, therein pending upon an appeal from the judgment of the court of ordinary of Laurens. Upon a trial by a jury in the superior court Mrs. Johnson was awarded a verdict of $300.  Upon the hearing of her motion for a new trial, upon an assignment of error that the verdict of the jury had not set aside the household furniture, the trial judge intimated from the bench that the verdict would be illegal unless it so provided; whereupon counsel for respondents, in open court, consented that the widow should be awarded all the household furniture, and, during the same term at which the issue was tried, judgment was entered upon the verdict accordingly, and the motion for a new trial was denied.  This judgment was awarded and entered over the objection of the movant that the question touching the household furniture was one which must be passed upon by the jury and was beyond the authority of the judge to determine.

This objection is the basis of the first and third grounds of the amendment to the motion for a new trial.  It is to be noted that the caveat filed by Leslie Pullen and others raised no question as to the furniture which had been set aside for the widow by the appraisers, but merely averred that the widow had appropriated to her own use money and crops to the amount of $1,500; that the property set aside by the appraisers was reasonably worth $3,000; and that "not more than $500 is sufficient for her support for one year, she being without minor children. . ." It is apparent as we think, that there was no issue between the parties as to the household furniture.  But whether or not that matter should have been submitted to the jury in the circumstances, it is manifest that the

movant suffered no injury, since the court, in its judgment, awarded all the household furniture to the widow. In our opinion that judgment is binding upon all the parties to the proceedings.

In the second special ground it is averred that "the verdict was contrary to law for the reason that the caveators admitted that $500 is sufficient for her support; that there was, therefore, no issue between applicant and caveators as to this amount, and that the pleadings did not justify reducing the support below that sum." As we have seen, however, the averment of the caveat is that "not more than $500 is sufficient for her support." This language will not be construed in this case as an admission that $500 is the minimum amount necessary for her support. We think this averment left the question of the amount necessary entirely open, to be determined by the jury from the evidence adduced. Surely the applicant, not having offered to accept the sum of $500, but proceeding with the trial, and submitting the question to the jury, can not now be heard to complain that not less than that sum could be legally awarded to her by the jury's verdict.

There was ample evidence to support the finding of the jury; no reversible error of law was committed by the trial judge; and, therefore, the motion for a new trial was properly denied.

*Judgment affirmed.  Broyles, C. J., concurs.  Bloodworth, J., absent on account of illness.*